UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:11-cv-117-Orl-31KRS

KRISTINA P. DIMZON,

                  Plaintiff,
vs.

BIRKMIRE BEHAVIORAL
HEALTHCARE, INC. and REX A.
BIRKMIRE, M.D.,

                  Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KRISTINA P. DIMZON, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel and sues the Defendants, BIRKMIRE BEHAVIORAL HEALTHCARE, INC. and REX A. BIRKMIRE, M.D. (hereinafter referred to as "Defendants") and states as follows:

### INTRODUCTION

1.    This is an action for damages for redress of the deprivation of rights secured by the Fair Labor Standards Act (FLSA) and Florida common law.

### JURISDICTION

2.    This Court has jurisdiction over the subject matter by virtue of 29 U.S.C. Sections 216(b); 28 U.S.C. § 1331; 28 U.S.C. § 1343(4); and 28 U.S.C. § 1367.

## VENUE

3.  The venue of this Court over this controversy is proper based upon the claim arising in Seminole County, Florida. Thus, venue of this Court over this controversy is proper based 28 U.S.C. § 1391.

## THE PARTIES

4.  The Plaintiff was employed by Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., as a receptionist from approximately July 2009 to November 2010, at its business located in Oviedo, Florida.

5.  The Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., maintains a behavioral healthcare facility in Oviedo, Florida. Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., is an "employer" as defined by 29 U.S.C. Section 203(d). The Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed.

6.  Plaintiff was an employee of Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., and at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Sections 206(a) and 207(a)(1).

7.  Alternatively, Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., is an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. Section 203(s)(1).

8. Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

9. Defendant, REX A. BIRKMIRE, M.D., at all times material hereto was acting directly or indirectly in the interest of Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the employee's work and is a statutory employer under 29 U.S.C. 203(d).

10. Defendant, REX A. BIRKMIRE, M.D., is an employee of Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., and worked with the Plaintiff during all relevant times to Plaintiff's claim, at Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC.'s facility.

11. Plaintiff has retained LaBar & Adams, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

12. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11, above.

13. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours. Specifically,

Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT II
## RETALIATION IN VIOLATION OF THE
## FAIR LABOR STANDARDS ACT AGAINST

14. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11, above.

15. On or about November 24, 2010, Plaintiff complained that Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., had violated the Fair Labor Standards Act of 1938, as amended, by failing to compensate the Plaintiff at the required minimum wage rate for work performed from November 7, 2010 to November 20, 2010.

16. On or about November 24, 2010, Defendant, BIRKMIRE BEHAVIORAL HEALTHCARE, INC., was made aware of Plaintiff's complaint referred to in paragraph 15, *supra*.

17. On or about November 24, 2010, the Defendant unlawfully discharged the Plaintiff for her complaint.

18. The Defendants have unlawfully retaliated against Plaintiff by terminating Plaintiff for her complaint to Defendants about their failure to compensate the Plaintiff at the required minimum wage rate.

19. Defendants termination of Plaintiff was willful and was reckless disregard for the Plaintiff's federally protected rights under the Fair Labor Standards Act of 1938.

20. As a direct and proximate result of the retaliatory actions of Defendant, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a) To declare that Defendants' retaliatory conduct in violation of the FLSA to be willful;

(b) To award Plaintiff damages for mental anguish and emotional distress and compensatory damages;

(c) To award Plaintiff an additional amount equal to the damages awarded pursuant to paragraph (b), supra, as liquidated damages; if liquidated damages are not awarded, then in the alternative, prejudgment interest;

(d) To award Plaintiff a reasonable attorney's fee and costs pursuant to 29 U.S.C. § 216(b); and,

(e) Such other relief as the Court deems just and equitable.

## COUNT III – DEFENDANT, BIRKMIRE BEHAVIOR HEALTHCARE, INC. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-11 of this Complaint.

22. The Defendant, REX A. BIRKMIRE, M.D.'s actions included conduct against Plaintiff that was extreme, outrageous, atrocious, utterly intolerable, and which went beyond all possible bounds of decency.

23. The Defendant acted intentionally or recklessly in both (a) supervising and retaining Defendant, REX A. BIRKMIRE, M.D., after it knew or should have known of Defendant REX A. BIRKMIRE, M.D.'s conduct toward Plaintiff and (b) causing emotional distress to Plaintiff as a result. Among other things, Defendant intended to inflict deep, stigmatizing and psychic wounds on Plaintiff.

24. The above-described extreme and outrageous acts by Defendants in fact caused Plaintiff to sustain severe emotional distress as a result. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it. Further, the conduct by Defendants was sufficiently severe to cause genuine and substantial emotional distress or mental harm to average persons who were similarly situated.

25. As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff has sustained damages, and will, in the future continue to sustain damages.

26. The extreme and outrageous acts by Defendants were malicious, willful and wanton, and justify an award of punitive damages.

WHEREFORE Plaintiff respectfully requests that this court grant the following relief against Defendant, BIRKMIRE BEHAVIORAL HEALTCARE, INC.:

(a). Find the Defendant, BIRKMIRE BEHAVIORAL HEALTCARE, INC. is liable for the Plaintiff's losses and damages;

(b). Award Plaintiff lost wages, including lost fringe benefits, which resulted from the illegal acts, omissions and other conduct of the Defendant;

(c). Award Plaintiff compensatory damages, including mental and emotional distress, and front pay;

(d). Award Plaintiff punitive damages;

(e). Award Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to §57.105, Florida Statutes; and

(f). Award Plaintiff such other and further relief as is just and proper.

### COUNT IV – DEFENDANT, REX A. BIRKMIRE, M.D. TORTIOUS INTERFERENCE WITH AN ADVATAGEOUS EMPLOYMENT/BUSINESS RELATIONSHIP

27. Plaintiff incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-11 of this Complaint.

28. Plaintiff had an advantageous employment relationship with Defendant, BIRKMIRE BEHAVIORAL HEALTCARE, INC. Plaintiff had the right and expectancy to continue gainful employment with BIRKMIRE BEHAVIORAL HEALTCARE, INC. without malicious and unjustifiable interference by Defendant, REX A. BIRKMIRE, M.D., to receive wages and other remuneration with BIRKMIRE BEHAVIORAL HEALTCARE, INC. by virtue of her employment and the expectancy to continue

employment based on a long term employment relationship that would not be disrupted or terminated for unsatisfactory, malicious or discriminatory reasons.

29. Defendant, REX A. BIRKMIRE, M.D., was aware of Plaintiff's advantageous employment relationship with BIRKMIRE BEHAVIORAL HEALTCARE, INC.

30. Defendant, REX A. BIRKMIRE, M.D., intentionally and maliciously interfered with that employment relationship by inducing the discharge of Plaintiff's employment with BIRKMIRE BEHAVIORAL HEALTCARE, INC. Defendant, REX A. BIRKMIRE, M.D., acted with improper motives for personal benefit based on their discriminatory malice against Plaintiff.

31. Defendant, REX A. BIRKMIRE, M.D., induced the discharge of Plaintiff's employment without an honest belief that their actions would benefit BIRKMIRE BEHAVIORAL HEALTCARE, INC. Plaintiff's discharge of Plaintiff was not in the best interest of BIRKMIRE BEHAVIORAL HEALTCARE, INC.

32. Defendant, REX A. BIRKMIRE, M.D., had actual knowledge of the wrongfulness of his misconduct, that injury or damage to Plaintiff would result and despite that knowledge engaged in intentional misconduct for the improper purpose of inducing the discharge of Plaintiff's employment. Defendant, REX A. BIRKMIRE, M.D., knew of Plaintiff's advantageous employment relationship and interfered with that relationship for his personal benefit.

33. Defendant, REX A. BIRKMIRE, M.D.'s intentional tortious misconduct caused Plaintiff emotional anguish and induced the discharge of her employment with BIRKMIRE BEHAVIORAL HEALTCARE, INC.

34. As a result of Defendant, REX A. BIRKMIRE, M.D.'s intentional tortious misconduct, Plaintiff has suffered and will continue to suffer economic damages, pain and suffering, emotional anguish and loss of dignity damages.

WHEREFORE Plaintiff respectfully requests that this court grant the following relief against Defendant, REX A. BIRKMIRE, M.D.:

(a). Find the Defendant, REX A. BIRKMIRE, M.D., is liable for the Plaintiff's losses and damages;

(b). Award Plaintiff lost wages, including lost fringe benefits, which resulted from the illegal acts, omissions and other conduct of the Defendant;

(c). Award Plaintiff compensatory damages, including mental and emotional distress, and front pay;

(d). Award Plaintiff punitive damages;

(e). Award Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to §57.105, Florida Statutes; and

(f). Award Plaintiff such other and further relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: 1/25/2011

_____
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
1527 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)